IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CARLA SANDERS, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| | ) Case No. 4:18-cv-136 |
| CARROLL COUNTY MEMORIAL HOSPITAL, | ) ) ) |
| Serve at: 1502 North Jefferson, Carrollton, Missouri 64633 | ) ) ) ) |
| and CARROLL COUNTY MEMORIAL HOSPITAL HOME HEALTH CARE AGENCY, | ) ) ) ) |
| Serve at: 1407 North Jefferson, Carrollton, MO 64633 | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

**Collective Action under Fair Labor Standards Act**
**Rule 23 Class Action under Missouri Wage Law**

Plaintiff Carla Sanders ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action against Defendants Carroll County Memorial Hospital ("CCMH") and Carroll County Memorial Hospital Home Health Care Agency ("CCMHHHCA") for damages and other relief as follows:

### NATURE OF ACTION

1. As a Nurse for Defendants, Plaintiff alleges on behalf of herself and all others similarly situated who consent to join this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to compensation for automatically

deducted but interrupted meal breaks, time spent working off-the-clock, and unpaid overtime wages for all hours worked in excess of forty (40) for each work week, liquidated damages, costs, and attorneys' fees.

2. Plaintiff further complains, on behalf of herself and a class of other similarly situated Nurses employed by Defendants within the State of Missouri pursuant to Fed. R. Civ. P. 23 (the "Class"), that pursuant to the Missouri Minimum Wage Law ("MMWL"), R.S. Mo. § 290.500, *et seq.*, they are entitled to compensation for automatically deducted but interrupted meal breaks, time spent working off-the-clock, and unpaid overtime wages for all hours worked in excess of forty (40) for each work week, liquidated damages, costs and attorneys' fees.

3. Plaintiff further complains, on behalf of herself and a class of other similarly situated Nurses employed by Defendants within the State of Missouri pursuant to Fed. R. Civ. P. 23 (the "Class"), that pursuant to Missouri common law, they are entitled to compensation for unpaid work performed for Defendants.

4. Plaintiff further complains, in her individual capacity, that she is entitled to damages, costs, and attorneys' fees for Defendants' wrongful termination of Plaintiff's employment in retaliation for Plaintiff's protected acts under the FLSA.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 for the claims being brought under the Fair Labor Standards Act, 29 U.S.C. § 216(b), *et seq.*

6. Missouri law authorizes court actions by private parties to recover damages for violations of the MMWL's wage and hour provisions. Jurisdiction of the state law claims of Plaintiff and all others similarly situated is based on 28 U.S.C. § 1367 and R.S.Mo. § 290.527, in

that the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business and can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in the Western District of Missouri. Venue is also proper under 28 U.S.C. § 1132(e)(2) because Defendants have substantial business contacts with Missouri, including its corporate headquarters, which are located in Carrollton, Carroll County, Missouri, in the Western Division of the Western District of Missouri.

## PARTIES

8. Plaintiff resides in Tina, Carroll County, Missouri.

9. Plaintiff was employed by Defendants from March 2016 through October 4, 2017, as a Nurse.

10. Plaintiff and all similarly situated Nurses are non-exempt, hourly employees who work for Defendants in Missouri.

11. Defendant CCMH is a Missouri corporation registered to do business in and in good standing in the state of Missouri. Its registered agent is Jeff Tindle, 1502 North Jefferson, Carrollton, MO 64633.

12. Defendant CCMHHHCA is a Missouri corporation registered to do business in and in good standing in the state of Missouri. Its registered agent is Jeff Tindle, 1407 North Jefferson, Carrollton, MO 64633.

13. Defendant CCMH owns and operates Defendant CCMHHHCA.

14. Defendants have at least four locations in Missouri and offer home health care and more than a dozen other services and health care practices.

15. At all relevant times, Defendants have been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and all other similarly situated Nurses. At all relevant times, Plaintiff and other similarly situated Nurses were engaged in commerce and/or worked for Defendants, which was an enterprise engaged in commerce. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

16. At all relevant times, Defendants are, and have been, an "employer" of the Plaintiff, and other similarly situated Nurses, as defined in R.S.Mo. § 290.500(4). At all relevant times, Plaintiff, and all other similarly situated Nurses who are or were employed in the state of Missouri, are "employees" of Defendants as defined in R.S.Mo. § 290.500(3).

17. Plaintiff brings Count I of this Complaint as a collective action under the FLSA on behalf of herself and all other similarly situated Nurses employed by Defendants in the last three (3) years.

18. Plaintiff brings Count II of this Complaint as a class action under R.S.Mo. § 290.500, *et seq.* and Fed. R. Civ. P. 23 on behalf of herself and all other similarly situated Nurses employed by Defendants in Missouri in the past two (2) years.

19. Plaintiff brings Counts III through V of this Complaint as a class action under R.S.Mo. § 290.500, *et seq.* and Fed. R. Civ. P. 23 on behalf of themselves and all other similarly situated Nurses employed on an hourly basis by Defendants in Missouri within the last five (5) years.

20. Plaintiff brings Count VI of this Complaint in her individual capacity for Defendants' violation of the anti-retaliation protections of the FLSA.

21. At all relevant times, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL ALLEGATIONS

22. Plaintiff re-alleges each allegation set forth above.

23. Defendants operate hospitals and health care facilities at multiple locations in Missouri. Defendants also provide in-home nursing and therapy services to patients in Missouri.

24. During the last five years, Plaintiffs and other similarly situated Nurses have worked overtime hours.

25. Plaintiffs and those similarly situated have consistently worked "off the clock" and without pay. Time spent working "off the clock" included and includes time spent working during unpaid meal breaks. The meal break deduction policy is a payroll policy, practice, and/or system that automatically deducts 30 minutes of time from each shift worked by Nurses. However, nearly every day of their employment, hourly Nurses performed compensable work during their automatically deducted meal break. As a result of this uncompensated work time, Nurses were denied overtime pay in violation of the FLSA and MMWL, and straight-time "gap time" pay in violation of Missouri common law.

26. The FLSA and Missouri law requires that employees are completely relieved of their duties during their entire meal break; if not, they are entitled to compensation for such time worked.

27. Plaintiff and all other similarly situated Nurses are frequently required to work through their meal breaks to provide patient care or perform other work, or to travel between hospitals and patients' homes for in-home care. Because meal breaks are automatically deducted,

Plaintiff and all other similarly situated Nurses were and are not compensated for their work during this time.

28. Defendants require nurses to carry a mobile phone or other electronic device with them during and after their shifts, so they may receive calls and requests from patients and hospital personnel. Nurses are required to respond to these calls. Because meal breaks are automatically deducted, Plaintiff and all other similarly situated Nurses were and are not compensated for their work during this time receiving and responding to calls. Plaintiff and all other similarly situated Nurses also did not record this time spent receiving and responding to calls after their shifts.

29. Defendants' management knew or should have known about these practices, and that a substantial amount of work was not compensated.

30. As a result of this unpaid work time, Nurses work and worked in excess of forty (40) hours in various work weeks for which they were not paid overtime at the statutory rate.

31. Plaintiff and other similarly situated Nurses are scheduled to work on holidays. When working on a holiday, Plaintiff and other similarly situated Nurses receive holiday pay at their straight time rate. Defendants fail to count the hours that Plaintiff and other similarly situated Nurses work and worked on a holiday toward hours worked in a work week. As a result, Plaintiff and other similarly situated Nurses worked in excess of forty (40) hours in work weeks with holidays for which they were not paid overtime at the statutory rate.

32. Defendants had a regular policy, practice, and/or procedure of changing Plaintiff's and other similarly situated Nurses' hours worked in a work week to deliberately and willfully avoid paying Plaintiff and other similarly Nurses for overtime worked. Defendants would write or record Plaintiff's and other similarly situated Nurses' overtime hours into a different work week in which the employee had not worked more than forty (40) hours in the work week. As a result,

Plaintiff and other similarly situated Nurses worked in excess of forty (40) hours in various work weeks for which they were not paid overtime at the statutory rate.

33. Defendants had a regular policy, practice, and/or procedure of granting Plaintiff and other similarly situated Nurses with compensatory time off, at a straight time rate, in lieu of cash payment for overtime hours worked. As a result, Plaintiff and other similarly situated Nurses worked in excess of forty (40) hours in various work weeks for which they were not paid overtime at the statutory rate.

34. Defendants' management knew or should have known about these practices, and that a substantial amount of work was not compensated or was not compensated at the correct statutory rate.

35. The deliberate and willful failure of Defendants to pay Plaintiff and those similarly situated their earned wages and overtime compensation violates the FLSA, the MMWL, and Missouri common law.

36. Defendants did not accurately record all time worked by the nurses, in that the time spent working during their meal break time and after shifts is not reflected in Defendants' timekeeping system and/or records.

37. The net effect of the policies and practices maintained and administered by Defendants, and instituted and approved by Defendants' managers, is that Defendants willfully failed to pay owed wages and willfully failed to keep accurate time records to save payroll costs. Defendants thus enjoyed ill-gained profits at the expense of its Nurses.

38. Defendants' conduct amounts to a willful violation of the FLSA.

## COLLECTIVE/CLASS ALLEGATIONS

39. Plaintiff re-alleges each allegation set forth above.

40. Plaintiff brings this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

41. Plaintiff's consent to join is attached hereto as Exhibit A.

42. Plaintiff, individually and on behalf of other similarly situated Nurses employed by Defendants within the last three (3) years, seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record, and pay for, all straight time and overtime hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

43. Plaintiffs bring Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and as the Class Representative of the following persons:

> **All current and former Nurses employed by Defendants within two (2) years preceding the date of filing of this action.**

44. Plaintiff brings Counts III through V as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and as the Class Representative of the following persons:

> **All current and former Nurses employed by Defendants within five (5) years preceding the date of filing of this action.**

45. Plaintiffs' claims in Counts III through V seek recovery of unpaid wages for straight-time, "gap time" wages in workweeks in which Plaintiffs and those similarly situated worked uncompensated hours off the clock but had less than forty (40) work hours in a given workweek. Plaintiffs also seek recovery of unpaid wages for all straight time hours above forty (40) total work hours per work week.

46. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated Nurses who do not opt out of the class.

47. Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

48. The class satisfies the numerosity standards. The Class consists of at least dozens of persons, and possibly more than seventy-five (75) persons. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail and/or other methods.

49. Questions of fact and law common to the class predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

   a. Whether Defendants failed to pay Class members wages and overtime required under R.S.Mo. § 290.500, *et seq.*

   b. Whether Defendants failed to fully and accurately record the hours worked each day and each work week by class members as required under R.S.Mo. § 290.520;

   c. Whether contracts existed between Defendants and class members requiring payment of wages;

   d. Whether Defendants breached and violated contracts with class members by failing to pay wages for time worked;

   e. Whether Defendants are liable to class members pursuant to *quantum meruit*; and

   f. Whether Defendants have been unjustly enriched by their failure to pay class members for time worked.

50. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

51. Plaintiff's claims are typical of those of the class in that class members who have been employed in the same or sufficiently similar positions as Plaintiff were subject to the same unlawful practices as the Class.

52. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendants and/or substantially impairing or impeding the ability of class members to protect their interests.

53. Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who is experienced in complex wage and hour, employment, and class action litigation.

54. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent

10

Case 4:18-cv-00136-SRB    Document 1    Filed 02/22/18    Page 10 of 19

adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
### (Failure to pay overtime)

55. Plaintiff re-alleges each allegation set forth above.

56. At all relevant times, Plaintiff and other similarly situated Nurses are and were entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 207(a)(1).

57. The FLSA regulates, among other things, the payment of overtime to nurses by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

58. Defendants were, and are, subject to the overtime and record-keeping requirements of the FLSA because they are enterprises engaged in commerce, and their employees are engaged in commerce.

59. Section 7 of the FLSA, codified at 29 U.S.C. § 207, requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

60. During employment with Defendants, Plaintiff and other similarly situated Nurses routinely worked in excess of forty (40) hours per work week without receiving overtime compensation.

61. Defendants' pay practices with regard to Plaintiff and other similarly situated Nurses violated the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, and specifically Section 207(a)(1). As a result, Plaintiff and other similarly situated Nurses suffered a loss of wages.

62. Defendants violated the FLSA by failing to pay straight time and overtime wages.

63. Defendants willfully violated the FLSA by failing to pay straight time and overtime wages to Plaintiff and other similarly situated Nurses for all hours worked. In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by Plaintiff and other similarly situated Nurses.

64. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and other similarly situated Nurses, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 211.

65. Plaintiff and other similarly situated Nurses are victims of uniform compensation policies.

66. None of the overtime pay and record-keeping exceptions in Section 13 of the FLSA, 29 U.S.C. § 213, apply to Plaintiff and other similarly situated Nurses. Accordingly, Plaintiff and other similarly situated Nurses must be paid overtime pay in accordance with Section 7 of the FLSA.

67. Defendants knew or should have known Plaintiff and other similarly situated Nurses were and are entitled to overtime compensation for all time worked beyond forty (40) hours in a workweek at the rate of one and one-half times her regular rate of pay.

68. Plaintiff and other similarly situated Nurses are entitled to damages equal to mandated straight time and overtime premiums within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for the matter of whether their conduct was prohibited by Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

69. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated Nurses are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find Defendants did not act willfully in failing to pay Plaintiff and other similarly situated Nurses, they are entitled to an award of pre-judgment interest at the applicable legal rate.

70. As a result of the above described willful violations of the FLSA's provisions, Defendants have unlawfully withheld compensation from Plaintiff and other similarly situated Nurses for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff and others similarly situated pray for judgment against Defendants on Count I in an amount equal to (1) unpaid overtime wages; (2) liquidated damages; (3) judgment against Defendants that their violations of the FLSA were willful; (4) attorneys' fees and costs; (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

### COUNT II: VIOLATION OF THE MISSOURI MINIMUM WAGE LAW

71. Plaintiff re-alleges each allegation set forth above.

72. At all relevant times, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S.Mo. § 290.500, *et seq.*

73. The MMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. R.S.Mo. §§ 290.500(3) & (4); R.S.Mo. § 290.505.1.

74. At all relevant times, Defendants were the employer of Plaintiff and the Class within the meaning of the MMWL. R.S.Mo. §§ 290.500(3).

75. At all relevant times, Plaintiff and the Class were Defendants' "employees" within the meaning of the MMWL. R.S.Mo. §§ 290.500(3).

76. Pursuant to the MMWL, employees are entitled to be compensated at a rate not less than the minimum wage for employees in covered jobs in interstate commerce. R.S.Mo. §290.502.

77. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a work week. R.S.Mo. § 290.505.1.

78. Defendants, pursuant to their policy and practice, violated the MMWL by refusing and failing to pay Plaintiff and other similarly situated Nurses straight time at the applicable statutory rate or overtime wages required under the MMWL. R.S.Mo. § 290.505.1.

79. Plaintiff and the Class are victims of uniform and employer-based compensation policies. These uniform policies, in violation of the MMWL, have been applied, and continue to be applied, to all Class members.

80. Plaintiff and all similarly situated Nurses are entitled to damages equal to all unpaid straight time and overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S.Mo. § 290.527.

14

Case 4:18-cv-00136-SRB   Document 1   Filed 02/22/18   Page 14 of 19

81. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

82. Defendants are liable pursuant to R.S.Mo. § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiffs and all similarly situated nurses demand judgment against Defendants and pray for: (1) unpaid overtime wages; (2) liquidated damages; (3) judgment against Defendants that their violations of the FLSA were willful; (4) attorneys' fees and costs; (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

## COUNT III: BREACH OF CONTRACT

83. Plaintiff re-alleges each allegation set forth above.

84. During all relevant times, Plaintiff and other similarly situated nurses entered into contracts with Defendants whereby such persons agreed to perform services as part of their employment by Defendants, and Defendants agreed to compensate such persons for all such services based upon specified hourly rates of pay (hereinafter "the Contracts").

85. Defendants breached and violated the Contracts by failing to pay Plaintiff and other similarly situated nurses for time worked.

86. Before Defendants' breach and violation of the Contracts, Plaintiff and other similarly situated nurses performed their duties under the Contracts.

87. As a direct result of Defendants' violations and breaches of the Contracts, as aforesaid, Plaintiff and other similarly situated Nurses have been damaged.

88. Plaintiff and other similarly situated Nurses are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

89. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count III of this Complaint, Plaintiff and all similarly situated Nurses demand judgment against Defendants and pray for: (1) compensatory damages; (2) prejudgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## COUNT IV: QUANTUM MERUIT

90. Plaintiff re-alleges each allegation set forth above.

91. Defendants recognized the benefits conferred upon it by Plaintiff and other similarly situated Nurses.

92. Defendants accepted and retained the benefits under circumstances that would render such retention inequitable.

93. Defendants have thereby been unjustly enriched and/or Plaintiff and other similarly situated Nurses have been damaged.

94. The payment requested by Plaintiffs and other similarly situated for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality where the services were rendered.

95. Plaintiff and the Class are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

96. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count IV of this Complaint, Plaintiff and all similarly situated Nurses demand judgment against Defendants and pray for: (1) compensatory damages; (2) prejudgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## COUNT V: UNJUST ENRICHMENT

97. Plaintiff re-alleges each allegation set forth above.

98. Plaintiff and other similarly situated Nurses conferred benefits on Defendants and Defendants received such benefits conferred upon it by Plaintiff and those similarly situated.

99. Defendants appreciated the fact of the benefits.

100. Defendants accepted and retained the benefits in circumstances that render such retention inequitable.

101. Defendants have been unjustly enriched and/or Plaintiffs and other similarly situated Nurses have been damaged.

102. Plaintiff and the Class are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

103. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count V of this Complaint, Plaintiff and all similarly situated Nurses demand judgment against Defendants and pray for: (1) compensatory damages; (2) prejudgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## COUNT VI: VIOLATION OF THE FAIR LABOR STANDARDS
(Retaliation, by Plaintiff in her individual capacity)

104. Plaintiff re-alleges each allegation set forth above.

105. Throughout her employment, Plaintiff made good-faith requests to her supervisor and other managers of Defendants to be compensated for all the time she worked for Defendants and to be paid overtime at the applicable statutory rate for all overtime hours, as she was entitled under the FLSA.

106. On September 29, 2017, Plaintiff complained to her supervisor about the numerous times Plaintiff had worked through a meal period but was not compensated for the work due to Defendants' policy of automatically deducting 30 minutes for meal periods.

107. Plaintiff's requests to be paid properly were protected acts under the FLSA.

108. Thereafter, Defendants retaliated against Plaintiff because of her opposition to Defendants' unlawful employment practices by terminating Plaintiff's employment on October 4, 2017, only three business days after Plaintiff complained of Defendants' unlawful practices.

109. A causal connection exists between Plaintiff's protected requests for unpaid wages and her complaints regarding the same and the subsequent adverse employment actions by Defendants as set forth herein.

110. Plaintiff's request for unpaid wages and complaints of violations of wage laws was a motivating factor in Defendants' decisions to terminate Plaintiff's employment.

111. Defendants knew or should have known and/or showed reckless disregard of whether its treatment of Plaintiff was prohibited by the anti-retaliation provisions of the FLSA.

112. Defendants willfully and maliciously violated the FLSA as set forth herein, including terminating Plaintiff's employment in retaliation for her good-faith request to be paid

18

Case 4:18-cv-00136-SRB     Document 1     Filed 02/22/18     Page 18 of 19

wages due, when they knew or should have known her request was protected by law and that retaliation was prohibited.

113. Plaintiff has suffered damages as a result of Defendants' retaliatory conduct, including but not limited to loss of back pay and benefits, compensatory damages for emotional distress, lost future wages and benefits, and attorneys' fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count VI in an amount equal to (1) her lost back pay and benefits and overtime at the applicable rates; (2) liquidated damages; (3) compensatory damages for emotional distress; (4) reinstatement and/or front pay in an amount to be determined; (5) judgment against Defendants that their violations of the FLSA were willful; (6) attorneys' fees and costs; (7) punitive damages; (8) pre-judgment and post-judgment interest as provided by law; and (9) such other relief as the Court deems fair and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

DYSART TAYLOR COTTER McMONIGLE
& MONTEMORE, P.C.

By  */s/ Anne E. Baggott*
Amanda Pennington Ketchum, MO #51011
Anne E. Baggott, MO #59187
4420 Madison Avenue, Suite 200
Kansas City, MO  64111
Phone: (816) 931-2700
Fax: (816) 931-7377
aketchum@dysarttaylor.com
abaggott@dysarttaylor.com

ATTORNEYS FOR PLAINTIFF